UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN BETH GOLDMAN, | No. 2:17-cv-2450 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, plaintiff's testimony, and finding at step five of the sequential evaluation were erroneous.

For the reasons explained below, plaintiff's motion is granted in part, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 4 & 5.)

1

# PROCEDURAL BACKGROUND

On June 3, 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on October 24, 2013. (Transcript ("Tr.") at 167-68.) Plaintiff's alleged impairments included degenerative disc disease, spinal stenosis, and lack of sleep. (Id. at 90-91.) Plaintiff's application was denied initially, (id. at 116-20), and upon reconsideration. (Id. at 123-27.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on June 8, 2016. (Id. at 37-67.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 37-39.) In a decision issued on August 31, 2016, the ALJ found that plaintiff was not disabled. (Id. at 33.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since October 24, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; migraines; and epilepsy (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with an ability to lift, carry, push and/or pull 10 pounds occasionally and frequently 10 pounds; can sit 8 hours out of an 8 hour workday with normal breaks, but needs a sit/stand option, with an ability to sit about 40 to 45 minutes, and then must stand about 5 to 10 minutes; can stand and/or walk 2 hours in an 8-hour workday, but can only walk about 15 minutes at a time; no climbing of ladders, ropes or scaffolds; no crawling; no balancing; frequent stooping, crouching and kneeling; no reaching above the shoulder bilaterally; but is able to frequently reach in all other directions bilaterally; no working in extreme temperatures; can frequently perform gross manipulation and fingering; is limited to occasionally flexing and extending of the neck and cervical spine; and is limited to frequent twisting of the neck and cervical spine.

> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on October 3, 1968 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from October 24, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 25-33.)

On September 28, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's August 31, 2016 decision. (Id. at 1-6.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 21, 2017. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or

reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion argues that the ALJ committed the following three principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (3) the ALJ erred at step five of the sequential evaluation.[2] (Pl.'s MSJ (ECF No. 15-1) at 11-20.[3])

---

[2] The court has reordered plaintiff's arguments for purposes of efficiency.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

**I.     Medical Opinion Evidence**

Plaintiff's pending motion argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 15-1) at 13-17.) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by plaintiff's treating physician, Dr. Dineen J. Greer. (Pl.'s MSJ (ECF No. 15-1) at 13-17.) On December 14, 2016, Dr. Greer completed a Physical Medical Source Statement. (Tr. at 803-05.) Dr. Greer opined, in relevant part, that plaintiff could sit and stand/walk for less than two hours in an eight-hour day. (Id. at 804.) That plaintiff would need to take unscheduled breaks every hour. (Id.) That plaintiff's impairments necessitated lying down for 6 hours or more per day. (Id.) And that plaintiff was likely to miss more than four days of work per month. (Id.)

Dr. Greer's opinion was rendered after the ALJ issued the August 31, 2016 opinion, but was considered by the Appeals Council. (Tr. at 2.) Defendant argues that "the Appeals Council indicated Dr. Greer's opinion is less valuable than a treating source opinion would otherwise be because Plaintiff obtained and offered it only after the ALJ denied her claim." (Def.'s MSJ (ECF No. 16) at 11-12.) Defendant's argument is both erroneous and lacking merit.

In this regard, the Appeals Council actually found that Dr. Greer's opinion did "not affect" the ALJ's decision because the opinion did "not relate to the period at issue." (Id. at 3.) In making this finding, the Appeals Council evidently did not realize that while Dr. Greer's opinion was issued on December 14, 2016, the opinion states that the "symptoms and limitations" found therein were "applicable to [plaintiff] as of October 24, 2013." (Tr. at 805.)

Moreover,

> [W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence.

Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012). Here, the record before the court now contains a medical opinion from a treating physician opining that plaintiff's residual functional capacity was far more limited than that found by the ALJ. Since the new evidence directly undermines the basis of the ALJ's decision, the courts concludes that the Commissioner's decision was "not supported by substantial evidence." Id. at 1164; see also Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) ("When, as here, the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court and this court must consider when reviewing the Commissioner of Social Security's final decision for substantial evidence.").

Defendant also argues that "Dr. Greer's questionnaire provides only conclusory findings, without record support or explanation[.]" (Def.'s MSJ (ECF No. 16) at 12.) However, whether there are reasons to discount Dr. Greer's treating opinion and how much weight to give Dr. Greer's opinion are matters for the ALJ. See Marchel v. Colvin, No. 2:13-CV-1416 DAD, 2015

WL 546065, at *4 (E.D. Cal. Feb. 10, 2015) ("Because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the weight the ALJ would have assigned to that treating physician opinion."). As the ALJ did not have the benefit of Dr. Greer's opinion, the ALJ should be given the opportunity to review and consider the opinion.

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II. Plaintiff's Subjective Testimony

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 15-1) at 17-20.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

////

////

7

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision." (Tr. at 29.) The ALJ then went on to discuss in detail the evidence that supported and detracted from plaintiff's subjective testimony. (Id. at 29-30.)

Plaintiff does not challenge the ALJ's findings or reasoning with respect to plaintiff's subjective testimony. Instead, plaintiff asserts "one additional fact" that the ALJ allegedly failed to consider, "Plaintiff's consistent work history[.]" (Pl.'s MSJ (ECF No. 15-1) at 17.) However, "courts have rejected the contention that the ALJ is required to address a claimant's exemplary work history in assessing her credibility." Coffman v. Berryhill, No. 2:17-cv-2088 CKD, 2018 WL 6419676, at *6 (E.D. Cal. Dec. 6, 2018) (quotation omitted) (collecting cases).

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

1    Moreover, plaintiff's failure to challenge the ALJ's credibility determination in its entirety would render any such error harmless. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) ("Even so, the ALJ presented four other independent bases for discounting Bray's testimony, and each finds ample support in the record. Thus, the ALJ's reliance on Bray's continued smoking, even if erroneous, amounts to harmless error."); Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1163 (9th Cir. 2008) ("the ALJ's decision finding Carmickle less than fully credible is valid, despite the errors identified above").

Accordingly, the court finds that plaintiff is not entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's testimony constituted error.

### III.    Step Five Error

At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted). The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids. See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).

Here, the ALJ relied on the testimony of a VE. (Tr. at 32.) Plaintiff argues that the VE's testimony that there were jobs plaintiff could perform "when the employer accommodates the need to alternately sit and stand" was "contrary to unambiguous Agency policy." (Pl.'s MSJ (ECF No. 15-1) at 12.) In this regard, plaintiff argues that "accommodated work cannot be taken into account when determining" if there are other jobs a claimant can perform. (Id.)

Review of the record finds that the VE's testimony explicitly acknowledged that plaintiff required "a sit/stand option" to perform the jobs identified by the VE and that the VE "eroded" or reduced the number of jobs available to the plaintiff to account for the sit/stand option. (Tr. at 64-65.) Even after accounting for the sit/stand option and reducing the number of jobs available, the VE identified three jobs plaintiff could perform with 31,000 of those jobs available in California. (Id. at 65.)

////

"A VE's recognized expertise provides the necessary foundation for his or her testimony." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). And the number of jobs identified by the VE more than satisfies the ALJ's burden. See Gutierrez v. Commissioner of Social Sec., 740 F.3d 519, 528 (9th Cir. 2014) ("ALJ's finding of 2,500 jobs in California satisfies the statutory standard").

It is true that "when the SSA determines whether an individual is disabled for SSDI purposes, it does not take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 803 (1999). However, plaintiff's characterization of the sit/stand option as a reasonable accommodation "lacks merit because the gist of the vocational expert's testimony was that allowing a sit/stand option is commonplace in" the jobs identified. Loop v. Colvin, 651 Fed. Appx. 694, 696 (9th Cir. 2016). In this regard, the sit/stand option is not a reasonable accommodation; it is a permissible method for performing an identified job that has long been recognized by the courts. See Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 628 (9th Cir. 2011) ("The vocational expert in this case found that the recommended jobs would allow for an at-will sit-stand option."); Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) ("Rather, a sit/stand option was required."); Johnson v. Shalala, 60 F.3d 1428, 1436 (9th Cir. 1995) (noting "sit/stand options").

Accordingly, plaintiff is also not entitled to summary judgment on the claim that the ALJ erred at step five of the sequential evaluation.

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether

> claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this case should be remanded "for further administrative proceedings." (Pl.'s MSJ (ECF No. 15-1) at 20.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended motion for summary judgment (ECF No. 15) is granted in part and denied in part;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is granted in part and denied in part;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: February 7, 2019

DLB:6
DB\orders\orders.soc sec\goldman2450.ord

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE